# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wayne Coleman Wilson, III, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | July 30, 2019 <br><br> Court of Appeals Case No. 19A-CR-31 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Teresa D. Harper, Judge <br><br> Trial Court Cause No. 53C09-1604-F2-316 |

**Baker, Judge.**

[1] Wayne Wilson, III, appeals the sentence imposed by the trial court after he pleaded guilty to Level 2 Felony Dealing in a Narcotic Drug, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding the sentence not inappropriate, we affirm.

[2] On April 15, 2016, a confidential informant working with the Monroe County Police Department scheduled a controlled drug buy with Wilson. The informant arranged to have Wilson sell him upwards of $6,500 worth of heroin. At a Kroger parking lot in Bloomington, Wilson had arrived to meet the informant when police officers surrounded his vehicle. After Wilson's arrest, officers discovered two bags containing a total of seventy to seventy-five grams of a substance that was later determined to be heroin. Wilson immediately admitted that the heroin was his and that he had planned on selling it to the confidential informant. Wilson has a criminal record and had previously been convicted of Class A misdemeanor possession of marijuana, Class A misdemeanor criminal trespass, and Class C misdemeanor knowingly or intentionally operating a vehicle without a license.

[3] On April 19, 2016, the State charged Wilson with one count of Level 2 felony dealing in a narcotic drug. On January 5, 2018, Wilson pleaded guilty as charged. The trial court continued sentencing so that Wilson's attorney might be granted leave to explore community probation options. While out on bond, but before sentencing, Wilson was charged with two felony counts of obstruction of justice in federal court on March 18, 2018. Federal prosecutors suspected Wilson of sending threatening text messages to a cooperating witness

in a sex trafficking case against one of Wilson's associates, James Young. Also while out on bond, Wilson continued dealing in various drugs, including marijuana, Oxycontin, and Percocet. The trial court here waited to sentence Wilson until after the disposition of his federal charges.

[4] On November 19, 2018, Wilson pleaded guilty in federal court to felony witness tampering and witness harassment and received a thirty-three-month sentence in federal prison. Finally, on December 6, 2018, the trial court sentenced Wilson to seventeen and one-half years in the Department of Correction, with three years suspended to probation. Wilson now appeals.

[5] Wilson argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225.

[6] The maximum sentence for a Level 2 felony dealing in a narcotic drug conviction is thirty years, and the minimum sentence is ten years. Ind. Code § 35-50-2-4.5. The advisory sentence is seventeen and one-half years. *Id.* Here, the trial court sentenced Wilson to the advisory term of seventeen and one-half years, with three years suspended to probation.

[7] First, as to the nature of the offense, Wilson admitted to dealing in extremely dangerous quantities of drugs. Police officers discovered between seventy and seventy-five grams of heroin in Wilson's vehicle at the time of his arrest—more than seven times the amount necessary to convict a defendant of Level 2 felony dealing in a narcotic drug. Drug crimes, especially when there is an ongoing opioid epidemic occurring in our State, can inflict massive damage on a community. Wilson was willing to traffic in large quantities of these drugs and to drive all the way to Bloomington to do so. Therefore, we find that nature of Wilson's offense does not render his sentence inappropriate.

[8] Next, as to Wilson's character, Wilson makes light of the fact that he has been charged and convicted of numerous offenses in the past. *See Lindsey v. State*, 916 N.E.2d 230, 241 (Ind. Ct. App. 2009) (finding that a "criminal record alone justifies the sentence imposed by the trial court"). Wilson has defied the law many times, accumulated numerous convictions, and has not changed his character despite multiple opportunities for improvement. Moreover, Wilson was charged with and convicted of a federal crime while he was awaiting sentencing for his state felony conviction. And, the fact that Wilson continued dealing in illegal substances while out on bond demonstrates a lack of reform or

remorse for what he has done. Therefore, we find that Wilson's character does not render his sentence inappropriate.

[9] In sum, we will not revise Wilson's sentence pursuant to Indiana Appellate Rule 7(B).

[10] The judgment of the trial court is affirmed.

Vaidik, C.J., and Altice, J., concur.